Plaintiff instituted this suit against the Mansfield Hardwood Lumber Company and H.D. Thomas, under the Workmen's Compensation Act of Louisiana, Act No. 20 of 1914, for compensation in the sum of 65% of his weekly wages of $14.40 for a period not to exceed 400 weeks. He alleged that he was an employee of the above named defendants engaged in the logging business, a hazardous business, and while so engaged on December 16, 1940, in skidding logs with a team of oxen, they became unruly and tried to go between two trees; that the yoke would not pass, causing the oxen to become entangled. That in attempting to get them loose, "one of them backed into your petitioner, stepping upon his foot and causing him to fall backwards and slightly to the side, thereby causing serious injuries to his foot, hip and back." There is no other allegation in the petition making any reference to the nature of the injuries alleged to have been received.
No exceptions or dilatory pleas were filed by defendants. They answered admitting the employment and the nature of the business. They denied the injuries claimed by plaintiff and the amount of the alleged wages having been paid by them to plaintiff.
With the issues thus made up, the case was tried in the lower court resulting in a judgment for defendants and rejecting plaintiff's demands. He is now prosecuting this appeal.
The record discloses that at the time of trial below plaintiff was suffering with sciatic neuritis, involving the nerve running from the lower part of the back down the hip to the foot. This nerve is tender and prevents plaintiff from walking on the ball of his foot, thereby requiring him to walk on his heel. He is able to drive his automobile and can do some plowing and puttering around his farm. His foot pains him a great deal. It is clear to our minds that he is incapacitated for any public work such as he was following at the time of his alleged injury and if the record discloses that the alleged accident occurred and that it was the cause of his present disability, or that it aggravated a latent condition then existent in plaintiff, thereby causing his present disability, he will be entitled to compensation for total and permanent disability. On the other hand, if the accident did not occur or if it did occur and the record fails to disclose that it either caused directly or by aggravating a latent condition the present disability, then plaintiff cannot recover.
The doctors who testified in the case would not swear that the injury to the foot caused the disability, but some of them were of the opinion that if the injury to the foot were as severe as claimed, plaintiff's condition might have been aggravated by the foot injury. They all agree that his disability is due to sciatic neuritis and some of the physicians are positive in their opinion that the injury to the foot could not have caused the condition of the back, which now causes the pain in the foot. All of the doctors base their opinion upon the history of the case its given by plaintiff, which was that on December 16, 1940, while driving an ox team in the woods they became entangled in some trees and in attempting to get them free, one of the oxen stepped on his foot, causing him *Page 270 
to fall. There were no other witnesses to the accident.
Plaintiff claims that immediately after the accident he walked 25 or 30 yards to where some log haulers were congregated and sat down; that he pulled off his shoe and showed the injured foot to these men. That he remained seated for approximately an hour before he went back to work and that he continued to work the remainder of the day, which was Monday, and all day Tuesday, but did not work the two days thereafter, Wednesday and Thursday. That he returned to work on Friday and worked through Saturday, at which time he was in such pain that he gave up his job. Plaintiff says that on the first day he laid off, which was Wednesday, December 18th, he went to see Dr. Joiner.
If the evidence bore plaintiff out in the history of the case, we would be justified in our usual liberal interpretation of the law, and we might add, of facts in compensation cases, in granting him judgment, but the facts as disclosed by the record do not bear out plaintiff's statement. In our opinion, the record clearly shows that the alleged accident did not occur on December 16, 1940, but the time he claimed the ox stepped on his foot was several weeks before in the month of November. His son, who was working on the same job, is very positive that the ox did not step on plaintiff's foot on Monday as claimed by him.
The evidence also positively shows that plaintiff worked and was paid for his services on Wednesday and Thursday, December 18 and 19th, the two days he claims he did not work. It also positively shows that he did not visit the doctor on the 18th of December. The first doctor plaintiff saw was Dr. Fitts in Winnfield, on December 23rd. He saw Dr. Reed at Natchitoches after that time and Dr. Joiner at even a later date.
Plaintiff is a man sixty years of age and was afflicted with sciatic neuritis of long standing. When he quit his job on December 21st, he made no complaint of pain to his employer, H.D. Thomas, and did not tell him that an ox had stepped on his foot. Plaintiff said to his employer that he was quitting because he was too old to follow that kind of work. He did not ask for medical attention at the time and made no demands of any kind on his employer until January 10, 1941.
The medical testimony relied upon by plaintiff, which at most is very weak, was based upon a history of the case given by plaintiff which was incorrect and therefore the medical testimony is of little if any value in determining the case.
Plaintiff contends that his foot turned black and blue, both on top and on the bottom, within a few minutes after the ox stepped on it and is corroborated by two fellow employees. We are sure this is not correct. For this to have occurred, a blood vessel would have had to be ruptured and the medical testimony shows there was no ruptured blood vessel. Furthermore, if plaintiff had injured the sciatic nerve at that time, it would have had immediate effect and he could not have continued his work as he did. Plaintiff has failed to produce a witness to show that he worked in pain or complained of pain at any time while on the job.
We are convinced that an ox may have stepped on plaintiff's foot several weeks before he quit his work and that it had no connection with his present disability. The lower court in its written opinion said the following:
"We imagine the true facts to be that plaintiff was having trouble with the sciatic nerve due to a condition of his back; that he was stepped on by an ox at some time previous to December 16, 1940; that he worked the week of December 16, 1940, and ceased to work for defendant; that his condition grew worse, disabling him to follow his farming operations with comfort, and considering that he had been stepped on by an ox a short time before he quit defendant's employ, he had a fairly good cause of action to recover compensation."
We fully agree with that conclusion of the lower court. The judgment of the lower court is therefore correct and is affirmed, with costs.
TALIAFERRO and HAMITER, JJ., concur. *Page 271